**LAW OFFICE OF RICCI & SPROULS**
Attorneys at Law
445 Washington Street
San Francisco, California 94111
(415) 391 2100
FAX (415) 391 4678
**FRANK P. SPROULS** State Bar #166019
Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

Petitioners,

**Silvia NARANJO-FRIAS**

**Antonio NARANJO-ABARCA**

v.

**Alberto E. Gonzalez**, **ATTORNEY GENERAL OF THE UNITED STATES AND**
**Christina Poulos**,
Acting Director, CA Service Center, Laguna Niguel , **U.S. BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES**

Respondents

Petition for <u>**WRIT OF MANDAMUS**</u>

## <u>JURISDICTION AND VENUE</u>

1. Petitioners hereby collectively bring this civil action to petition the court for extraordinary

   relief in the nature of a writ of mandamus, directed to Defendant, Alberto E. Gonzalez,

   Attorney General of the United States and his employees and agents in the Bureau of

Citizenship and Immigration Services; specifically the Acting Director of the California Service Center of the Bureau of Citizenship and Immigration Services, Christina Poulos.

2. This action is brought to redress the deprivation of rights, privileges and immunities secured to Plaintiffs through statute, by which authority jurisdiction is conferred, to compel Respondents to perform a duty Respondents owes to Petitioner.

3. This action is brought to compel the Respondent to adjudicate the Petitioners' Form I-824, Application for Action on an Approved Application or Petition, which is currently pending with the National Visa Center, based upon an approved immigrant visa filed by the United States Citizen Spouse.

In support of this petition, Petitioners allege the following:


**THE PARTIES**

4. Female plaintiff, (hereafter the "female petitioner"), is a citizen and national of Mexico.

5. Male plaintiff, (hereafter the "male petitioner"), is the United States Citizen spouse and also the "petitioner" of the immigrant visa petition filed for the female plaintiff.

6. Defendant, Alberto E. Gonzalez, is the Attorney General of the United States and controls the Immigration & Naturalization Service, and is named herein solely in his official capacity.

7. Defendant Christina Poulos is the acting Director of the California Service Center of the Bureau of Citizenship and Immigration Service and is named herein solely in his official capacity.

## THE FACTS

8. The female Petitioner is a beneficiary of an approved I-130 (Petition for Alien Relative) filed on her behalf by the male Petitioner, United States Citizen spouse, Antonio Naranjo-Abarca. (**EXHIBIT A**)

9. Given that the female Petitioner was not inspected and admitted or paroled into the United States, she did not qualify under the benefits of the Immigration and Nationality Act (INA) Section 245(i) to adjust her status in the United States, and is required to adjust her status at a consular post.

10. After an approval of an I-130 petition, the petition is then forwarded to the National Visa Center ("NVC") for further processing, including the issuance of an Instruction Package for Immigrant Visa Applicants which includes the Fee bills for the affidavit of support (Form I-864) and the immigrant visa.

11. Petitioners' I-130 was approved by the U.S. Citizenship and Immigration Service ("USCIS") California Service Center in Laguna Niguel, California on August 16, 2005 (**EXHIBIT B**)

12. After the approval of the I-130, USCIS failed to forward the Petitioners' I-130 to the National Visa Center.

13. On April 1, 2005, the California Service Center received the female Petitioner's application I-824, Application for Action on an Approved Application or Petition, to have the I-130 petition forwarded to the NVC. (**EXHIBIT C**)

14. On May 4, 2006, the California Service Center informed that the application I-824 was being reconsidered and that the female Petitioner would receive a notice under separate cover once action had been completed. (**EXHIBIT D**)

15. On May 9, 2006, the California Service Center provided a Notice of Decision informing that the application I-130 had been forwarded to the NVC for issuance of an immigrant visa. (**EXHIBIT E**)

16. On December 21, 2006, the Petitioner inquired into the status of the immigrant visa application pending with the NVC, given that we had not received the Instruction Package or the fee bills. (**EXHIBIT F**)

17. We received notice that the NVC was not in possession of Petitioners' I-130 and that we should inquire into the status with the California Service Center.

18. On January 12, 2007 (**EXHIBIT G**) and again on May 23, 2007 (**EXHIBIT H**), Petitioners inquired into the status and whereabouts of the application I-130 with the California Service Center, however, to date, we have not received any response.

19. The female Petitioner has been residing in Mexico for the past 2 years waiting for simple adjudication, during which time this exemplary family has been separated; as one child remains in the United States with the male Petitioner, and the other is living in Mexico with the female Petitioner.

20. The Petitioners are understandably frustrated by the lack of response and determination on their application and the female Petitioner's adjustment of immigrant status, as she remains in a bureaucratic maze.

21. The unreasonable delay in action has caused a great deal of anxiety and uncertainty in the Petitioners' lives, as their family has separated, and as such, we must reluctantly turn to this Court for relief.

## ARGUMENT

**A. Governing Law**

22. The relief of mandamus is only available if the petitioner demonstrates "(1) a clear right to the relief, (2) a clear duty by the defendant to do the act requested, and (3) the lack of any other adequate remedy." Allied Chemical Corp. et. al v. Daiflon, *449* U.S. 33 (1980). This case abundantly meets the test for mandamus relief.

### I. **CLEAR RIGHT TO RELIEF**

23. Per INS regulations, upon the approval of an I-130, the petition is then forwarded to the National Visa Center ("NVC") which further reviews the documentation and sends out an Instruction package for Immigrant Visa Applicants for further processing  and for an appointment to determine further eligibility grounds.

24. Petitioner has clearly executed the requirements necessary, as she is in receipt of an approved I-130 and has requested that the application be forwarded to the NVC.

25. However, due to the failure by the Service to process the next phase of processing, by forwarding the application to the National Visa Center, the Petitioners are foreclosed to pursue any other remedy.

### II. **CLEAR DUTY TO ACT**

26. An obvious necessary corollary to obtaining an immigrant visa is the adjudication of Petitioners' I-130 by the National Visa Center.

27. It has been **TWO YEARS** the Petitioners' application was filed with the California Service Center.

28. There are no exceptional circumstances which would necessitate additional time in forwarding and further processing female Petitioner's immigrant visa application.


### III. <u>LACK OF ANY OTHER ADEQUATE REMEDY</u>

29. The Defendant/Respondents are, of course, the only entity legally empowered to adjudicate the Petitioner's application.

30. At the present time, it is abundantly clear that the Petitioner has no other relief at law.

**B. Nature of Relief Sought**

31. This action seeks the Court to issue a writ of mandamus compelling the defendants to determine the status and location of the Petitioners' application.

### <u>CONCLUSION</u>

32. It is respectfully requested that this Court issue an order directed to Defendants and their counsel to answer Plaintiff's Petition to show cause why the relief prayed for in this action should not be granted.

33. Unlike many of thousands of immigrants who fail to return to their countries for processing of their immigrant visas, due to fear that the process will be halted, this exemplary female Petitioner has been residing in Mexico obediently awaiting her interview.

34. However, due to bureaucratic ineptitude, she has become abandoned in Mexico and separated from her family in the United States.

35. Petitioners pray that a writ of mandamus be issued under the seal of this Court commanding the Defendants to make a determination as to their application I-130, immigrant visa, processing and ultimately receipt of the Instruction Package for further processing, so that their family can again be united.

Respectfully submitted:

**Dated**: _____ **2007**

_____

**Frank P. Sprouls**